## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BRUNO PARKER,** | **:** | **Civil Action Number:** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **<u>Jury Trial Demanded</u>** |
| **vs.** | **:** | |
| | **:** | |
| **CYDCOR d/b/a NX DIRECT, INC. and** | **:** | |
| **NELSON FIGUEROA,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## COMPLAINT

Plaintiff, Bruno Parker ("Plaintiff") by and through the undersigned counsel,
brings this Complaint against Defendants Cydcor d/b/a NX Direct, Inc. ("NX Direct")
and Nelson Figueroa and ("Figueroa") and pleads as follows:

## INTRODUCTION

### 1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as
amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) receive minimum
wage for work weeks in which the employer failed to pay him minimum wage and an
additional like amount as liquidated damages; (2) recover overtime pay that was denied

him and an additional amount as liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees.

## 2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

## 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

## 4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because NX Direct is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Plaintiff resides within Cobb County, Georgia.

7.

NX Direct employed Plaintiff in and around Atlanta, Georgia at all times from March 4, 2012 until approximately April 20, 2013.

8.

NX Direct employed Plaintiff as an Entry Level Distributor in and around Atlanta, Georgia from March 4, 2012 until approximately March 31, 2012.

9.

NX Direct employed Plaintiff as an Account Manager in and around Atlanta, Georgia from April 2012 through approximately May 2012.

10.

NX Direct employed Plaintiff as a Senior Corporate Trainer in and around Atlanta, Georgia from June 2012 through approximately January 2013.

11.

In or about February 2013, NX Direct demoted Plaintiff to the position of Account Manager.

12.

At all times relevant, NX Direct employed Plaintiff for the purpose of marketing and selling Direct TV packages.

13.

At all times relevant to this suit, Plaintiff has been an "employee" of NX Direct as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

14.

From on or about March 4, 2012 until April 20, 2013, Plaintiff has been "engaged in commerce" as an employee of NX Direct as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

NX Direct is a corporation organized under the laws of the State of Georgia.

16.

At all times material hereto, NX Direct has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

17.

From on or about March 4, 2012 until April 20, 2013, NX Direct was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

18.

During 2012, NX Direct had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, NX Direct had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, NX Direct had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, NX Direct had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2012, NX Direct had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

During 2013, NX Direct  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, NX Direct has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

 NX Direct is subject to the personal jurisdiction of this Court.

26.

NX Direct may be served with process through its Registered Agent Nelson Figueroa, 3101 Tower Creek Parkway, Suite 550, Atlanta, Georgia 30339.

27.

Figueroa resides within Fulton County, Georgia.

28.

At all times material hereto, Figueroa exercised operational control over the work activities of Plaintiff.

29.

At all times material hereto, Figueroa was involved in the day to day operation of the NX Direct in which Plaintiff worked.

30.

At all times material hereto, NX Direct vested Figueroa with supervisory authority over Plaintiff.

31.

At all times material hereto, Figueroa exercised supervisory authority over Plaintiff.

32.

At all times material hereto, Figueroa scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

33.

At all times material hereto, Figueroa exercised authority and supervision over Plaintiff's compensation.

34.

At all times material hereto, Figueroa has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

Figueroa is subject to the personal jurisdiction of this Court.

36.

Figueroa may be served with process at his residence located at 1080 W. Peachtree Street, NW, Unit 1215W, Atlanta, Georgia 30309.

37.

At all times relevant to this suit and while an employee of NX Direct, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

38.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

39.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

40.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

41.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

42.

At all times relevant to this suit and while he was an employee of NX Direct, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

43.

At all times relevant to this suit and while he was an employee of NX Direct, Plaintiff was not paid on a salaried basis.

44.

At all times relevant, Plaintiff's sole form of remuneration was the receipt of earned commissions from Defendants.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

45.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

46.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

47.

On at least ten (10) separate occasions from on or about March 4, 2012 through April 20, 2013, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

48.

On at least ten (10) separate occasions from on or March 4, 2012 through April 20, 2013, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

49.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As a result of the underpayment of minimum wages as alleged above, Plaintiff  is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff  for her litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME

52.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

53.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

54.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

55.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 4, 2012 through April 20, 2013.

56.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 4, 2012 through April 20, 2013.

57.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

58.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – BREACH OF CONTRACT
## AS TO DEFENDANT NX DIRECT

60.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

61.

Plaintiff and NX Direct were parties to a contract of employment (hereafter "the Contract") from on or about March 4, 2012 through April 20, 2013.

62.

The Contract provided that NX Direct would pay Plaintiff for work that Plaintiff performed on behalf of and for the benefit of Defendant.

- 13 -

63.

Defendant's failure to pay Plaintiff for commissions he earned totaling approximately $400.00 constitutes a material breach of the Contract.

64.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT IV – QUANTUM MERUIT**
**AS TO DEFENDANT NX DIRECT**

65.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

66.

From on or about March 4, 2012 through April 20, 2013, Plaintiff performed services for Defendant.

67.

Plaintiff's services for NX Direct as described above were valuable to Defendant.

68.

NX Direct requested Plaintiff's services.

69.

NX Direct knowingly accepted Plaintiff's services.

70.

The receipt of Plaintiff's services for NX Direct without proper compensation would be unjust.

71.

Plaintiff expected to be compensated at the time he provided his services.

72.

Plaintiff is entitled to a recover from NX Direct the reasonable value of the services he provided for Defendant, in an amount to be determined at trial.

**COUNT V - PROMISSORY ESTOPPEL**
**AS TO DEFENDANT NX DIRECT**

73.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

74.

On March 4, 2012, NX Direct promised to pay Plaintiff in return for Plaintiff's services.

75.

NX Direct should have reasonably expected that its promise to pay Plaintiff in would induce Plaintiff to perform the work for NX Direct in reliance upon said promise.

76.

NX Direct's promise did induce Plaintiff to act in reliance thereon, by performing services for Defendant, to his detriment.

77.

Plaintiff's service for NX Direct conferred a benefit on Defendant.

78.

NX Direct failed and refused to pay Plaintiff in accordance with their promise.

79.

Plaintiff relied on Defendant's promise.

80.

Plaintiff's reliance on Defendant's promise was reasonable.

81.

Injustice can only be avoided by enforcement of Defendant's promise.

82.

Plaintiff is entitled to a recover from NX Direct the reasonable value of the services he provided for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff have and recover judgment against Defendants for the pendent State claims herein asserted in amounts to be proved at trial;

5. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC
/S/ MICHAEL A. CALDWELL
MICHAEL A. CALDWELL
GA. BAR NO. 102775
S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791
COUNSEL FOR PLAINTIFF